[Cite as *Fifth Third Mtge. Co. v. Campbell*, 2013-Ohio-3032.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY   COUNTY

| | | |
|---|---|---|
| FIFTH THIRD MORTGAGE COMPANY | : | |
| | : | Appellate Case No. 25458 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CV-919 |
| v. | : | |
| | : | |
| DARRELL L. CAMPBELL, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . . .

HARRY J. FINKE, IV, Atty. Reg. #0018160, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202-3157
     Attorney for Plaintiff-Appellee, Fifth Third Mortgage Company

PAMELA L. PINCHOT, Atty. Reg. #0071648, Clyo Professional Center, 7960 Clyo Road, Dayton, Ohio 45459
     Attorney for Defendant-Appellant, Michelle Campbell

MATHIAS H. HECK, JR., by DOUGLAS TROUT, Atty. Reg. #0072027,   Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Defendant-Appellee, Montgomery County Treasurer

DARRELL CAMPBELL, 327 White Cedar Drive, Miamisburg, Ohio 45342
     Defendant-Appellee, *pro se*

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}   Defendant Michelle M. Campbell appeals, and appeals from, the trial court's entry of summary judgment for Fifth Third Mortgage Company on its complaint in foreclosure. We affirm.

## Facts and Evidence

{¶ 2}   On February 3, 2012, Fifth Third filed a complaint in foreclosure against Campbell (and others not party to this appeal). Fifth Third later moved for summary judgment. To the summary-judgment motion, it attached a promissory note, a mortgage, and an affidavit. The note is signed by Campbell and identifies Fifth Third as the lender, and the mortgage is signed by Campbell and given to Fifth Third. The affidavit contains these averments:

1.   I am an Affidavit Analyst for Fifth Third Bank, the loan servicer for Fifth Third Mortgage Company. Fifth Third Bank, as servicer, is responsible for, among other things, receiving and crediting payments made pursuant to the terms of notes and mortgages evidencing mortgage loans, including the mortgage loan that is the subject of this action ("Mortgage Loan").

2.   I am an authorized signer for Fifth Third Bank and am competent to testify to the matters stated in this affidavit.

3.   I have personal knowledge of the facts stated in this affidavit based upon my review of the business records referenced and incorporated below.

4.   As part of my job, I am familiar with the manner in which the business records, maintained by Fifth Third Bank for the purpose of servicing consumer mortgage loans, are compiled, maintained, and retrieved, and I

also have direct access to those business records.

5.    The business records (which include data compilations, electronically imaged documents, and other similar records) are maintained by Fifth Third Bank electronically and are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records. The business records are regularly kept by Fifth Third Bank in the course of its business of servicing mortgage loans. It is also Fifth Third Bank's regular practice to make and retain such records.

6.    In connection with making this affidavit, I personally examined Fifth Third Bank's business records relating to the Mortgage Loan ("Mortgage Loan Business Records"). The following statements in this affidavit are based on information contained in those Mortgage Loan Business Records.

7.    Attached hereto as Exhibit A is a true and accurate copy of the promissory note in the amount of $93,728.00, which is part of the Mortgage Loan (the "Note").

8.    Attached hereto as Exhibit B is a true and accurate copy of the mortgage ("Mortgage"), which secures payment of the Note and which is part of the Mortgage Loan.

9.    Darrell L. Campbell and Michelle M. Campbell are in default under the terms of the Note and Mortgage due to [their] failure to make all required payments.

10.    Because of the default, Fifth Third Mortgage Company elected to call the entire balance of said account due and payable. There is due on said account the sum of $92,997.10, plus interest at the per annum rate of 4.625% from July 1, 2011, plus court costs, advances, and other charges allowed by the Note and Mortgage and Ohio law.

Campbell opposed the motion for summary judgment. She attached no evidence to her opposition.

**{¶ 3}** The trial court granted the motion and entered summary judgment.

**{¶ 4}** Campbell appealed.

## Analysis

**{¶ 5}** The sole assignment of error alleges that the trial court erred in entering summary judgment. Campbell contends that the trial court should not have considered the affidavit, promissory note, or mortgage. And she contends that even if that evidence can be considered, it fails to satisfy Fifth Third's summary-judgment burden.

**{¶ 6}** The affidavit may be considered. Civ.R. 56(E) provides that a supporting affidavit must "be made on personal knowledge," must "set forth such facts as would be admissible in evidence," and must "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." "A flat statement by the affiant that he had personal knowledge is adequate to satisfy Civ.R. 56(E)." (Citation omitted.) *Bank One, N.A. v. Swartz*, 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, ¶ 14 (saying also that "a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary

judgment show that the affiant is competent to testify to the matters stated"). Here, paragraph three of the affidavit states that the affiant has personal knowledge.

**{¶ 7}** The promissory note and mortgage also may be considered. They are verified and authenticated and fall under the business-records hearsay exception. Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." That is, attached documents must be verified. "Verification of documents attached to an affidavit supporting or opposing a motion for summary judgment, as required by Civ.R. 56(E), is satisfied by an appropriate averment in the affidavit itself." *Swartz* at ¶ 14, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph 3 of the syllabus. Here, paragraphs seven and eight of the affidavit contain appropriate averments verifying the promissory note and mortgage respectively. *Compare Seminatore* at 467 (saying that an appropriate averment could state that "such copies are true copies and reproductions").

**{¶ 8}** The promissory note and mortgage here are also authenticated. "For a document to be admitted as a business record, it must first be properly identified and authenticated 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 30, quoting Evid.R. 901(A). "Authenticating a business record 'does not require the witness whose testimony establishes the foundation for a business record to have personal knowledge of the exact circumstances of preparation and production of the document.'" *Jefferson v. CareWorks of Ohio, Ltd.*, 193 Ohio App.3d 615, 2011-Ohio-1940, 953 N.E.2d 353, ¶ 11 (10th Dist.), quoting *State v. Myers*, 153 Ohio App.3d 547, 2003-Ohio-4135, 795 N.E.2d 77,

¶ 60 (10th Dist.). "'While the witness need not have personal knowledge of the creation of the particular record in question, and need not have been in the employ of the company at the time the record was made, he must be able to vouch from personal knowledge of the record-keeping system that such records were kept in the regular course of business.'" *State v. Davis*, 62 Ohio St.3d 326, 342, 581 N.E.2d 1362 (1991), quoting *Dell Publishing Co., Inc. v. Whedon*, 577 F.Supp. 1459, 1464, fn. 5 (S.D.N.Y.1984). Here, paragraph six of the affidavit states that the affiant personally examined the attached documents.

**{¶ 9}** Finally, the promissory note and mortgage here fall under the business-records hearsay exception in Evid.R. 803(6). The statements in paragraph five of the affidavit satisfy this exception. *Compare Royse v. Dayton*, 195 Ohio App.3d 81, 2011-Ohio-3509, 958 N.E.2d 994, ¶ 25 (2d Dist.) (saying that "'[t]o be admissible under Evid.R. 803(6), a business record must display four essential elements: (1) it must have been kept in the regular course of business; (2) it must stem from a source who had personal knowledge of the acts, events, or conditions; (3) it must have been recorded at or near the time of the transaction; and (4) a foundation must be established by the testimony of either the custodian of the record or some other qualified person,'" quoting *State v. Comstock*, 11th Dist. Ashtabula No. 96 A 0058, 1997 WL 531304 (Aug. 29, 1997)).

**{¶ 10}** Campbell contends that the affidavit is not sufficient to establish that she is in default nor to establish how much she owes. Campbell is incorrect. Paragraph nine of the affidavit is sufficient to establish that she is in default. *Swartz*, 2004-Ohio-1986, at ¶ 14 (saying that "[a]n affidavit stating the loan is in default, is sufficient for purposes of Civ.R. 56"), citing *Yorkwood Sav. & Loan Ass'n v. Jacobs*, 2d Dist. Montgomery No. CA 11998, 1990 WL 107840

(July 31, 1990). And paragraph ten is sufficient to establish the amount of principal and interest due.

{¶ 11}  Summary judgment should be entered if "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977); Civ.R. 56(C). And "[i]t is well settled that a mortgagee is entitled to judgment after there has been a default on the conditions of the mortgage and the debt as evidenced by the note having been accelerated." (Citation omitted.) *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, 935 N.E.2d 70, ¶ 20 (10th Dist.). Here, based on the affidavit, promissory note, and mortgage, the trial court properly entered summary judgment for Fifth Third. *Compare Yorkwood* at \*4 (saying, on similar evidence and averments, that "there was no genuine issue of material fact as to whether the real estate of which [the defendant] was title owner was subject to a mortgage owned by [the mortgage company] and was in default").

{¶ 12}  The sole assignment of error is overruled.

{¶ 13}  The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH and WELBAUM, JJ., concur.

Copies mailed to:

Harry J. Finke, IV
Pamela L. Pinchot
Mathias H. Heck
Douglas Trout
Darrell Campbell
Hon. Steven K. Dankof