[Cite as *GMAC Mtge., L.L.C. v. Waller*, 2013-Ohio-4376.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 99457

## GMAC MORTGAGE, L.L.C.

PLAINTIFF-APPELLEE

vs.

## CHARLES D. WALLER, ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-763264

**BEFORE:** Stewart, A.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 3, 2013

**FOR APPELLANTS**

Charles D. Waller, pro se
Michelle Waller, pro se
7492 Prairie Dune Court
Solon, OH    44139

**ATTORNEYS FOR APPELLEE GMAC MORTGAGE, L.L.C.**

James S. Wertheim
Monica Levine Lacks
McGlinchey Stafford, P.L.L.C.
25550 Chagrin Boulevard, Suite 406
Cleveland, OH    44122

Matthew I. McKelvey
Lerner Sampson & Rothfuss
P.O. Box 5480
Cincinnati, OH    45201

**ATTORNEYS FOR APPELLEES CITY OF CLEVELAND HTS., HUNTINGTON NATIONAL BANK, AND PNC BANK, N.A.**

W. Cory Phillips
Sara M. Donnersbach
Robert B. Weltman
Weltman, Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 W. Lakeside Avenue
Cleveland, OH    44113

**ATTORNEY FOR APPELLEE DOMESTIC LINEN SUPPLY & LAUNDRY CO.**

James G. Kozelek
Weltman, Weinberg & Reis Co., L.P.A.
175 S. Third Street, Suite 900
Columbus, OH    43215

**ATTORNEY FOR APPELLEE CRANBERRY FINANCIAL, L.L.C.**

John E. Haller
Shumaker, Loop & Kendrick, L.L.P.
41 S. High Street, Suite 2400
Columbus, OH   43215

**ATTORNEY FOR APPELLEE H & M LANDSCAPING**

Mark I. Wachter
Wachter Kurant, L.L.C.
30195 Chagrin Boulevard
300 Pepper Pike Place
Cleveland, OH   44124

**ATTORNEY FOR APPELLEE SIGNATURE OF SOLON MASTER ASSOCIATION**

Charles P. Royer
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 W. Prospect Avenue, Suite 1800
Cleveland, OH   44115

**ATTORNEY FOR APPELLEE STATE OF OHIO, DEPARTMENT OF TAXATION**

Amy Keller Kaufman
Ohio Attorney General
Revenue Recovery
150 E. Gay Street, 21st Floor
Columbus, OH   43215

**FOR ARROW FINANCIAL SERVICES, L.L.C.**

Arrow Financial Services, L.L.C.
Assignee of HSBC Bank Nevada N.A.
c/o CT Corporation System
5996 N. Touhy Avenue
Niles, IL   60714

MELODY J. STEWART, A.J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R.11.1.

{¶2} Husband and wife Charles and Michelle Waller appeal the grant of summary judgment in favor of appellee GMAC Mortgage, L.L.C. in a foreclosure action filed against them. In the Wallers' sole assignment of error, they argue that the trial court erred by granting summary judgment in favor of GMAC because it did not have standing to bring this action against them. For the reasons that follow, we affirm.

{¶3} In July 2006, Charles Waller borrowed $739,200 from Beach First National Bank in order to finance the purchase of a property on Prairie Dune Court in Solon, Ohio. He signed an adjustable rate note and secured the loan with a mortgage. The mortgage designated Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Beach First National Bank.

{¶4} On August 31, 2011, GMAC filed a complaint in foreclosure against the Wallers after they fell behind in their mortgage payments. The complaint was amended on September 26, 2011. Attached to the amended complaint was a copy of the adjustable rate note and a prepayment addendum to the note signed by Charles Waller. Attached to the note were two allonges containing a total of three endorsements. The first allonge contained two endorsements: one by Beach First National Bank to Greenpoint Mortgage Funding, Inc. and the other endorsed in blank by Greenpoint. The second allonge contained one endorsement from Greenpoint to GMAC. Also attached to the complaint

was a copy of a loan modification agreement from GMAC signed by both Charles and Michelle Waller, a copy of the mortgage, and a copy of the assignment of the mortgage from MERS, as nominee for Beach First National Bank, to GMAC.

{¶5} On August 16, 2012, the Wallers filed a motion for summary judgment against GMAC. On September 18, 2012, GMAC filed a motion for summary judgment against the Wallers. On October 25, 2012, the magistrate granted GMAC's motion and denied the Wallers' motion. The Wallers filed objections to the magistrate's decision, but those objections were overruled and the decision was adopted by the trial court on November 19, 2012. On appeal, the Wallers argue that summary judgment in favor of GMAC is improper.

{¶6} Under Civ.R. 56(C), summary judgment is proper when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. An appellate court reviews a trial court's decision granting summary judgment de novo. *Huntington Natl. Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, _ 10, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241.

{¶7} The Wallers' basis for arguing that GMAC lacks standing to file this foreclosure action is unclear from their appellate brief. To the best of our understanding,

the Wallers challenge GMAC's right to foreclose based on invalid assignments of both the note and mortgage. However, we find that GMAC demonstrated that both the note and the mortgage were properly assigned to GMAC, thus proving it has standing to foreclose.

{¶8} Where homeowners are in default on a loan, they are subject to foreclosure proceedings by the holder of the note. *Bridge v. Aames Capital Corp.*, N.D.Ohio No. 1:09 CV 2947, 2010 U.S. Dist. LEXIS 103154, *12 (Sept. 29, 2010). With respect to the debt owed by the homeowners under the mortgage contract, the specific holder of the note is of no consequence. *Id. See also Bank of N.Y. Mellon Trust Co., N.A. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950.

{¶9} In this case, the chain of custody of both the note and mortgage establish GMAC's right to foreclosure. The allonges attached to the complaint demonstrate that the note was properly assigned from Beach First National Bank to Greenpoint, then from Greenpoint to GMAC. Likewise, the mortgage assignment also attached to the complaint shows the mortgage was assigned from MERS, as nominee for Beach First National Bank, to GMAC.

{¶10} Furthermore, the Wallers' assertion that MERS' assignment of the mortgage is unenforceable because MERS was never the holder of the note is erroneous. Ohio courts have held that a party who receives an assignment of mortgage from MERS as nominee has standing to foreclosure on the mortgage when the borrower defaults on the loan. *See Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. Cuyahoga No. 92487,

2009-Ohio-3886, *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. Warren No. CA2009-10-135, 2010-Ohio-3472. *Deutsche Bank Natl. Trust Co. v. Traxler*, 12th Dist. Warren No. 09CA009739, 2010-Ohio-3940.

**{¶11}** Lastly, the Wallers argue that the assignment of the note and mortgage is invalid because these assignments took place after the complaint was filed, and that the mortgage was never recorded with the county recorder's office. This argument fails because both the note and the mortgage were assigned before the filing of the complaint, and additionally the mortgage was recorded with the county recorder's office.

**{¶12}** In *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, the Supreme Court determined that standing to sue is required to invoke the jurisdiction of the common pleas court and is determined at the commencement of a suit. Additionally, the court stated that post-filing events attempting to cure standing may be disregarded. *Id*. at _ 24-26. This court reiterated the requirements to establish standing in a foreclosure action in *CitiMortgage, Inc. v. Patterson,* 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894. In *Patterson*, we held that a party who either has a mortgage assignment or is the holder of the note at the time the complaint is filed has the requisite standing to establish an interest in the suit and invoke the jurisdiction of the court. *Id*. at _ 21.

**{¶13}** In this case, the record shows that the note was assigned from Greenpoint to GMAC in July 2004, and the mortgage was assigned to GMAC from MERS in July 2007 and subsequently recorded. These assignments and the recording predate the

August 2011 filing of the original complaint, and the September 2011 filing of the amended complaint. Therefore, the Wallers' argument is without merit. Moreover, even if the mortgage had not been recorded, the lack of recording has no bearing on GMAC's enforcement rights. *See United States Bank Natl. Assn. v. Morales*, 11th Dist. Portage No. 2009-P-0012, 2009-Ohio-5635, _ 32 (the recording of an assignment is not a condition precedent to the right of foreclosure).

{¶14} Lastly, the Wallers claim that the mortgage assignment is defective. In their brief, the Wallers state that Shellie Hill, who signed the assignment on behalf of MERS as the "Assistant Secretary," is really an employee of GMAC misrepresenting her identity for the sole purpose of this litigation. The Wallers do not explain the significance of this assertion, so we summarily reject it. *See* App.R. 16(A)(7).

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellants its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR