[Cite as *U.S. Bank N.A. v. Rex Station Ltd.*, 2014-Ohio-1857.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| U.S. BANK N.A. | : | |
| | : | Appellate Case No. 26019 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CV-1310 |
| v. | : | |
| | : | |
| REX STATION LIMITED, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

· · · · · · · · · ·

O P I N I O N

Rendered on the 2nd day of May, 2014.

· · · · · · · · · ·

JEFFREY M. HENDRICKS, Atty. Reg. #0066889, Graydon, Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Center, Cincinnati, Ohio 45202-3157
        Attorney for Plaintiff-Appellee

DANIEL L. McGOOKEY, Atty. Reg. #0015771, KATHRYN M. EYSTER, Atty. Reg. #0074696, and LAUREN McGOOKEY, Atty. Reg. #0086407, McGookey Law Offices, LLC, 225 Meigs Street, Sandusky, Ohio 44870
        Attorneys for Defendant-Appellants

· · · · · · · · · · · ·

FAIN, J.

{¶ 1}        Defendants–appellants Rex Station Limited, Jeff Bonham and Nancy Bonham

(the Bonhams), appeal from a summary judgment and decree of foreclosure rendered in favor of plaintiff–appellee U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-2. The Bonhams contend that the trial court erred in granting summary judgment in favor of U.S. Bank because there is no evidence in the record that U.S. Bank was the holder, or in possession, of the loan note or mortgage at the time the complaint was filed. They also contend that the affidavits in support of summary judgment are insufficient. The Bonhams also argue that it is inequitable to order foreclosure on the encumbered properties.

{¶ 2} We conclude that there is evidence in the record to support the summary judgment rendered in favor of U.S. Bank. The evidence in the record establishes that U.S. Bank was the holder of the note and mortgage and that it was in possession of both. The affidavits in support of summary judgment are sufficient. Finally, there is no basis in this record from which to conclude that it is inequitable to foreclose on the subject properties.

## I. The Course of Proceedings

{¶ 3} On February 17, 2011, U.S. Bank filed a complaint for foreclosure against the Bonhams, Jeff Bonham Electric Inc. and the Montgomery County Treasurer. U.S. Bank alleged in the complaint that Bonham had delivered a promissory note for $600,000 to secure a loan, and that U.S. Bank was the owner and holder of the note. U.S. Bank further alleged that the note had not been paid according to its terms. The complaint alleged that the Bonhams had executed a mortgage on real estate located at 3647, 3649 and 3651 Wrightway Road, Dayton, Ohio, to secure payment of the note, and that the mortgage had been assigned to U.S. Bank. U.S. Bank

asked for judgment on the note and foreclosure on the premises. Attached to the complaint was a copy of the note, allonge, mortgage and assignment of mortgage.

{¶ 4} U.S. Bank moved for summary judgment. The Bank submitted the affidavit of Michelle Rish, who identified herself as "a Special Assets Officer of Aurora Bank FSB formerly known as Lehman Brothers Bank, FSB, which is the servicer for Plaintiff U.S. Bank National Association, as Trustee for Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-2." She further averred as follows:

2. In my capacity as a Special Assets Officer for Aurora, I am familiar with the books and accounts of Plaintiff and have examined all books, records and documents kept by Plaintiff concerning the transactions alleged in the Complaint. These books, records and documents are kept by Plaintiff in the regular course of its business and are made at or near the time of the events appearing therein. It is the regular practice of Plaintiff to make and keep these books, records, and documents. Affiant has personal knowledge of the matters contained in the books, records and documents kept by Plaintiff.

{¶ 5} The affidavit included reference to the note, allonge, mortgage and the assignment of mortgage, and an averment that true and correct copies of each were attached to the complaint. Rish averred that U.S. Bank is the owner and holder of the note and mortgage. Rish also made averments regarding the Bonhams' default and the amount they owed on the debt secured by the note and mortgage.

{¶ 6} The Bonhams moved for an extension of time within which to respond to the motion for summary judgment. They also filed a notice of deposition of U.S. Bank and

requested the production of all documents relevant to the loan to be produced during that deposition. It is not clear from the record whether this deposition actually occurred; no transcript thereof was filed.

{¶ 7} The Bonhams subsequently filed a memorandum in opposition to U.S. Bank's motion for summary judgment. They did not submit any evidentiary material in opposition to the motion. U.S. Bank filed a reply memorandum, to which was attached a supplemental affidavit of Rish, in which she averred that "the original note and allonge are now in the possession of Jeff Hendricks of Graydon Head & Ritchey LLP, Plaintiff's counsel in the above-captioned litigation who holds the same on Plaintiff's behalf in furtherance of the Litigation."

{¶ 8} The trial court rendered summary judgment in favor of U.S. Bank. The Bonhams appeal, assigning as their sole assignment of error:

THE TRIAL COURT ERRED IN GRANTING US BANK'S MOTION

FOR SUMMARY JUDGMENT.

{¶ 9} The Bonhams raise several issues. They first contend that foreclosure was inequitable and thus not the appropriate remedy. They further claim that U.S. Bank is not the real party in interest, because it failed to demonstrate that it is the holder of the note and mortgage. Finally, the Bonhams contend that the affidavits and documents submitted in support of summary judgment are deficient.

## II. The Test for Summary Judgment

{¶ 10} "A trial court may grant a moving party summary judgment pursuant to Civ. R.

56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999). "We review summary judgment decisions de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007–Ohio–2722, 873 N.E.2d 345, ¶ 16 (2d Dist.)

{¶ 11}  "To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing:  (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due." *Wright–Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E–12–002, 2013–Ohio–3963, ¶ 10, citing *U.S. Bank, N.A. v. Coffey*, 6th Dist. Erie No. E–11–026, 2012–Ohio–721, ¶ 26. (Other citation omitted.).

### III.   There Is No Basis in this Record from which to Conclude
### that Foreclosure Would Be Inequitable in this Case

{¶ 12}  We begin with the argument that foreclosure is not an appropriate remedy.  In their appellate brief, the Bonhams argue that foreclosure is inequitable, because they "face a greater loss if [foreclosure] is unfairly granted than does U.S. Bank if [foreclosure] were denied.

Losing this property would cause them financial harm for the rest of their lives. For U.S. Bank, a multi-million dollar corporation, the harm which it would suffer if [foreclosure] is denied is slight." In support, the Bonhams cite *PHH Mtg. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, 940 N.E.2d 662 (3rd Dist.), wherein the Third District Court of Appeals affirmed the trial court's decision to reinstate the mortgage rather than proceed with foreclosure, on the ground that foreclosure was inequitable under the facts of the case.

{¶ 13} This argument was addressed by the Sixth District Court of Appeals in *Citimortgage, Inc. v. Schippel*, 6th Dist. Erie No. E-11-041, 2012-Ohio-3511, wherein that court stated:

> Appellants first argue that it was inequitable to foreclose on the mortgage under the facts of this case. Appellants contend that the right to foreclosure has a two-pronged burden: first, whether the mortgagee has defaulted on the note and second, whether the mortgagee's right of redemption should be foreclosed. Appellants rely on a case where the court determined it equitable to reinstate the homeowners' note and mortgage. *PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010–Ohio–5061, 940 N.E.2d 662 (3d Dist.).

> In *Barker*, the homeowners failed to make a few payments but notified the bank as soon as possible. After leaving several voicemails, they went to the bank and were given a name in "loss mitigation" to contact. *Id.* at ¶ 3, 940 N.E.2d 662. After contacting this individual, the loss prevention program was explained and the homeowners were informed that they would be sent a loss prevention packet in the mail. After receiving the packet and completing the required materials, they

were told they would be informed as to whether they qualified for a program to avoid foreclosure. *Id*. at ¶ 5, 940 N.E.2d 662.

Shortly after, a letter came notifying the homeowners that they were in default, they received a coupon book which listed a higher monthly payment and a new due date. *Id*. at ¶ 9, 940 N.E.2d 662. The homeowners believed that the mortgage had been "reset ." Thereafter, despite making several payments, they were notified that the bank was foreclosing on the mortgage based on their default on the note. Some of the payments were returned.

Affirming the trial court's decision to reinstate the mortgage, the Third Appellate District agreed that the bank had made several "material representations" regarding their willingness to aid the homeowners in avoiding foreclosure. *Id*. at ¶ 33, 940 N.E.2d 662.

In the present case, unlike *Barker*, appellants neither argue that they actually made up the delinquent payments nor that the bank materially misrepresented the status of the foreclosure proceedings. Appellants simply contend that because their home is their most valuable possession and because the bank would be minimally impacted by the court's denial of their request to foreclose on the property, the equities lie in their favor. We are not persuaded. Certainly, in nearly every foreclosure action the mortgagee in default will bear grievous consequences from a judgment in the mortgagor's favor.

*Citimortgage, Inc.* at ¶ 12 - 16, remanded on other grounds, 134 Ohio St.3d 1435, 2013-Ohio-161, 981 N.E.2d 898.

{¶ 14} Similarly to the defendant in *Citimortgage*, the Bonhams do not cite any misrepresentations by U.S. Bank, nor do they claim that they made any efforts to cure their delinquency. The fact that U.S. Bank is a large corporation does not render its contractual right to collect a debt unworthy of judicial enforcement against entities and individuals with fewer resources. The proper administration of justice may require a *level* playing field, but it does not require a playing field tilted against litigants with more economic resources.

## IV. U.S. Bank Submitted Proof that the Mortgage Was Assigned to it Before it Filed the Complaint in this Case, Thereby Establishing a Presumption that the Note Was Also Assigned to it, Which Presumption Was Not Rebutted

{¶ 15} The Bonhams next contend that U.S. Bank lacks standing, because it failed to establish that it was the holder of the note and the mortgage at the time it filed the complaint for foreclosure. In support, they argue that the allonge attached to the note made a conveyance of the note to a trust that did not exist, and is therefore insufficient to demonstrate that U.S. Bank is the holder of the note. They further argue that U.S. Bank failed to establish that it had possession of the note. Finally, they claim that Aurora did not supply proof that it was formerly known as Lehman Brothers

{¶ 16} We begin with the arguments relating to the allonge to the note. The title portion of the allonge to the note is as set forth below:

ALLONGE TO PROMISSORY NOTE
DATED <u>APRIL 11, 2006</u>
IN THE PRINCIPAL AMOUNT OF <u>$600,000.00</u>
FROM AURORA BANK FSB, FORMERLY KNOWN AS
LEHMAN BROTHERS BANK, FSB

{¶ 17} The allonge states: "[p]ay to the order of U.S. Bank National Association, as

trustee under the Trust Agreement dated as of July 31, 2006 by and among Structured Asset Securities Corporation, as Depositor, the Trustee and Aurora Bank FSB, formerly known as Lehman Brothers Bank, FSB, as Servicer, relating to Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-2, without recourse." The allonge is signed by Jennifer Henninger, Special Assets Administrative Assistant to Aurora Bank FSB F/K/A Lehman Brothers Bank, FSB.

{¶ 18} The Bonhams contend that this allonge, which they assert is dated April 11, 2006, was executed prior to the creation of the Trust Agreement referenced in the allonge. They argue that the allonge is therefore defective, and demonstrates that U.S. Bank is not the holder of the note. We disagree. The date in the title caption refers to the date the *note* was executed, which was, in fact, April 11, 2006.

{¶ 19} It is not clear from the record when the allonge was executed, thereby raising the issue of whether U.S. Bank was the holder of the note at the time it filed the complaint in this action in February 2011. Thus, we must look to other evidence to resolve this issue.

{¶ 20} The Bonhams do not take issue with the propriety of the assignment of the mortgage. Their argument centers on their claim that U.S. Bank did not demonstrate that it was the holder of the note, because there is no showing that the note was assigned to it, or that it was in possession of the note, at the time it filed the complaint.

{¶ 21} The Eleventh District Court of Appeals, in *Federal Home Loan Mortgage Corporation v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, has stated:

> Historically, Ohio courts have recognized that "the negotiation of a note operates as an equitable assignment of the mortgage, even though the mortgage is

not assigned or delivered." *U.S. Bank Nat. Assn. v. Marcino*, 181 Ohio App.3d 328, 2009–Ohio–1178, ¶ 52 (7th Dist.), citing *Kuck v. Sommers*, 100 N.E.2d 68, 75, 59 Ohio Abs. 400 (1950). In recent years, Ohio courts have extended the application of this rule to situations in which the mortgage is assigned without an express transfer of the note. In *Bank of New York v. Dobbs*, 5th Dist. Knox No.2009–CA–000002, 2009–Ohio–4742, the Fifth Appellate District cited Section 5.4 of the Restatement III, Property in support of its analysis on the issue:

"The Restatement asserts as its essential premise * * * that it is nearly always sensible to keep the mortgage and the right of enforcement of the obligation it secures in the hands of the same party. This is because in a practical sense separating the mortgage from the underlying obligation destroys the efficacy of the mortgage, and the note becomes unsecured. The Restatement concedes on rare occasions a mortgagee will disassociate the obligation from the mortgage, but courts should reach this result only upon evidence that the parties to the transfer agreed. Far more commonly, the intent is to keep the rights combined * * *. Thus, the Restatement proposes that transfer of the obligation also transfers the mortgage and vice versa. Section 5.4(b) suggests [:] 'Except as otherwise required by the Uniform Commercial Code, a transfer of a mortgage also transfers the obligation the mortgage secures unless the parties to the transfer agree otherwise.' *Thus, the obligation [i.e., the note] follows the mortgage if the record indicates the parties so intended*." (Emphasis added.) Id. at ¶ 28.

*Id.* at ¶ 36-37. See also, *HSBC Bank USA v. Sherman*, 1ˢᵗ Dist. Hamilton No. C-120302,

2013-Ohio-4220, ¶ 15; *Wells Fargo Bank Nat'l Assn. v. Elliott*, 5th Dist. Delaware No. 13 CAE 03 0012, 2013-Ohio-3690, ¶ 20-23; *Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 15; *U.S. Bank National Association v. Higgins*, 2d Dist. Montgomery No. 24963, 2012-Ohio-4086, ¶ 21, remanded on other grounds, 136 Ohio St.3d 1446, 993 N.E.2d 253, 2013-Ohio-3210.

**{¶ 22}** In the case before us, copies of the note, allonge, mortgage and the assignment of the mortgage were all attached to the complaint and authenticated by the affidavit in support of U.S. Bank's motion for summary judgment. The mortgage and the assignment thereof bear notarial seals, which make them self-authenticating. *Lorain Cty. Bar Assn. v. Kennedy*, 95 Ohio St.3d 116, 766 N.E.2d 151 (2002); Evid.R. 902(8). The mortgage and its assignment were filed of record in the Montgomery County, Ohio, Recorder's Office years prior to the initiation of this suit. The note makes reference to the mortgage, and the mortgage makes reference to the note. Furthermore, the assignment of mortgage makes reference to all the "loan, security, guaranty, and/or any other documents incident to or connected with the foregoing delivered in favor of Assignor in connection with the Mortgage and/or the Indebtedness." This cross-referencing between the instruments is sufficient to raise a rebuttable presumption of intent to convey both the mortgage and note to U.S. Bank. The Bonhams submitted no Civ.R. 56 evidence to rebut this presumption. We conclude therefore that there is unrebutted evidence in the record to establish that U.S. Bank was the holder of the note at the time it filed the complaint. And Rish's affidavit indicates that the note is in the possession of the Bank's agent.

**V.   U.S. Bank Presented Unrebutted Evidence that Aurora Bank**

**Was Formerly Known as Lehman Brothers Bank**

{¶ 23} We next address the Bonhams' argument that Aurora Bank did not establish that it had authority to assign the note and mortgage, because there is no evidence that it was formerly named Lehman Brothers Bank. The Bonhams do not claim that Aurora Bank was not formerly known as Lehman Brothers Bank; they argue that there is no evidence to establish this fact. We disagree.

{¶ 24} Both of Rish's affidavits identify Aurora Bank as having been formerly known as Lehman Brothers Bank. Furthermore, the Bonhams concede that "the Lehman Brothers changed its name to Aurora." Bonham brief , p. 19. We conclude that Rish's averment in her affidavit, without any Civ.R. 56 evidence to rebut it, is sufficient to establish that Lehman Brothers Bank changed its name to Aurora Bank.

## VI. The Affidavit of Michelle Rish, Offered by U.S. Bank in

## Support of its Motion for Summary Judgment, Is Not Deficient

{¶ 25} For their next argument, the Bonhams assert that the Rish affidavits are insufficient and cannot support summary judgment. They first claim that the Rish affidavits are insufficient because Rish did not aver that U.S. Bank was in possession of the note at the time the complaint was filed. As discussed in Part IV, above, we conclude that U.S. Bank presented sufficient proof that it was the holder of the note at the time the complaint was filed. *See*, *GMAC Mtge., LLC v. Waller*, 8th Dist. Cuyahoga No. 99457, 2013-Ohio-4376, ¶ 7 -8.

{¶ 26} The Bonhams next contend that the affidavit is deficient because Rish did not claim to have personal knowledge regarding this loan. "Civ.R. 56(E) provides that a supporting affidavit must 'be made on personal knowledge,' must 'set forth such facts as would be

admissible in evidence,' and must 'show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.' " *Fifth Third Mtge. Co. v. Campbell*, 2nd Dist. Montgomery No. 25458, 2013-Ohio-3032, ¶ 6. "A flat statement by the affiant that he had personal knowledge is adequate to satisfy Civ.R. 56(E)." *Id.* We note that the Rish affidavits both contain appropriate averments regarding personal knowledge.

**{¶ 27}** The Bonhams next complain that Rish failed to attach copies of any document except the note to her affidavit. Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." This court has stated that this rule requires that attached documents "must be verified," and that "[v]erification of documents attached to an affidavit supporting or opposing a motion for summary judgment, as required by Civ.R. 56(E), is satisfied by an appropriate averment in the affidavit itself." *Fifth Third Mortgage Company v. Campbell*, 2nd Dist. Montgomery No. 25458, 2013-Ohio-3032, ¶ 7. We have also held that verification of documents attached to the complaint is sufficient to satisfy this rule. *R & R Takhar Oil Co., Inc. v. PN & SN Mann, LLC,* 2d Dist. Montgomery No. 24444, 2010-Ohio-4548, ¶ 17. *Accord*, *Huntington Nat'l Bank v. Blount*, 8th Dist. Cuyahoga No. 98514, 2013-Ohio-3128, ¶ 21; *Wells Fargo Bank, N.A. v. Sessley*, 188 Ohio App.3d 213, 2010-Ohio-2902, 935 N.E.2d 70, ¶ 21 (10th Dist.). In her affidavit, Rish attested to the validity of the documents attached to the complaint. This was sufficient.

**{¶ 28}** The Bonhams argue that the verification of the documents is also insufficient because Rish did not state that she had compared the copies of the loan documents to the originals. We conclude that Rish's averment that the documents are true and accurate copies of

the note, allonge, mortgage, and assignment of the mortgage creates a reasonable inference that she had seen the originals and that the copies were accurate.

{¶ 29}  Next the Bonhams argue that the affidavit is insufficient because it "did not claim the conditions precedent to filing a foreclosure were met."  We disagree.  In her affidavits, Rish avers that U.S. Bank is the holder of the note and mortgage, and that the Bonhams are in default under the terms of the loan documents.  Her first affidavit also states the amount of the debt and the accrued interest.

{¶ 30} The Bonhams' last argument regarding the insufficiency of the affidavits involves their claim that the person who executed the allonge to the note also notarized the Rish affidavits and the assignment of mortgage.  Had their been a triable issue of fact surviving summary judgment, this could possibly have been a subject for cross-examination, but we conclude that the fact that one person did all of these things does not itself create a triable issue of fact.

## VII.  Conclusion

{¶ 31}  We conclude that the trial court did not err in rendering summary judgment in favor of U.S. Bank.  The evidence in the record is sufficient to establish that U.S. Bank was the assignee of the mortgage, the holder of the note, and in possession of the note, at the time it filed the complaint in this action.  The affidavits U.S. Bank submitted in support of its motion for summary judgment are not deficient.  Finally, there is nothing in this record from which to conclude that it is inequitable to foreclose on the encumbered properties.  Accordingly, the Bonhams' sole assignment of error is overruled, and the judgment of the trial court is Affirmed.

**[Cite as *U.S. Bank N.A. v. Rex Station Ltd.*, 2014-Ohio-1857.]**

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.


Copies mailed to:

Jeffrey M. Hendricks
Daniel L. McGookey
Kathryn M. Eyster
Lauren McGookey
Hon. Gregory F. Singer