[Cite as *Bank of Am., N.A. v. Thompson*, 2014-Ohio-2300.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY   COUNTY

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | Appellate Case No. 25952 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2012-CV-07941 |
| v. | : | |
| | : | |
| VIVIAN L. THOMPSON, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellants | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of May, 2014.

. . . . . . . . . . .

GREGORY H. MELICK, Atty. Reg. #0065694, Luper, Neidenthal & Logan, a Legal
Professional Association, 50 West Broad Street, Suite 1200, Columbus, Ohio 43215-3374
　　　Attorney for Plaintiff-Appellee, Bank of America, N.A.

VIVIAN L. THOMPSON, 180 North Ardmore, Dayton, Ohio 45417-2204
　　　Defendant-Appellant, *pro se*

MATHIAS H. HECK, JR., by DOUGLAS TROUT, Atty. Reg. #0072027, Montgomery County
Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972,
301 West Third Street, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}　　Vivian Thompson appeals pro se the trial court's judgment decree in

foreclosure for Bank of America, N.A., the appellee. Thompson fails to show prejudicial error, so we affirm.

## I. FACTS

{¶ 2}     In 2005, Thompson obtained a home loan from Countrywide Home Loans, Inc. She executed a promissory note to Countrywide for $91,248 and gave a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), as Countrywide's nominee. On May 1, 2012, MERS assigned the mortgage to Bank of America.

{¶ 3}     Thompson defaulted on the note when she failed to make the June 2012 payment, and the following November, the Bank filed a foreclosure action against her. The Bank attached to its complaint, among other documents, a copy of the note, the mortgage, and the assignment of mortgage. Thompson filed a pro se answer captioned, "Answer in Affidavit of Negative Averment." In February 2013, the Bank moved for summary judgment. The trial court entered an order stating that it would decide the summary-judgment motion on March 11. The order states that no hearing will be held unless a party asks for one and that all summary-judgment memoranda and affidavits must be filed by March 10 unless a party asks for an extension. Neither party asked for a hearing or an extension.

{¶ 4}     Five days before the filing deadline, Thompson refiled her "Answer in Affidavit of Negative Averment." The same day, Thompson also filed a petition for bankruptcy in bankruptcy court. The bankruptcy case was dismissed on August 1, 2013. Almost a month-and-a-half later, the Bank filed a motion to reactivate the foreclosure proceeding, which the trial court granted. On September 16, 2013, the trial court sustained the Bank's motion for summary judgment and entered judgment on the note and ordered foreclosure if Thompson fails

to pay.

{¶ 5}     Thompson appealed.

## II. ANALYSIS

{¶ 6}     Thompson presents four assignments of error for our review. The first contends that the trial court lacked jurisdiction because the Bank lacked standing when it  initiated the foreclosure action. The second contends that summary judgment is improper because genuine issues of material fact remain. The third contends that Thompson did not receive due process because she did not receive reasonable notice of judicial process and was not given a reasonable opportunity to be heard. And the fourth assignment of error contends that the Bank violated Civ.R. 8(E) by failing to state, in the complaint, its true relationship to the note.

### A. The Bank's Standing

{¶ 7}     Thompson contends that the trial court lacked jurisdiction because at the time the Bank initiated the foreclosure action it lacked standing. "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Federal Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41. To have standing to bring a foreclosure action based on default, the party must have an interest in the note or mortgage at the time the party filed suit. *Id*. at ¶ 28. Thompson contends that when the Bank filed suit it did not own the note.

{¶ 8}     The note is a negotiable instrument, making it subject to Chapter 1303 of Ohio's Uniform Commercial Code. *See Nationstar Mtge., L.L.C. v. West*, 2d Dist. Montgomery No.

25813, 2014-Ohio-735 (finding this of a similar note). Under Chapter 1303, a person may be entitled to enforce a negotiable instrument "even though the person is not the owner of the instrument." R.C. 1303.31(B). This may be the situation if the instrument contains a blank indorsement, "which makes the instrument payable to the bearer," *Bank of Am., N.A. v. Pasqualone*, 10th Dist. Franklin No. 13AP-87, 2013-Ohio-5795, ¶ 33, citing R.C. 1303.25(B). The person in possession of a note indorsed in blank "qualifies as a holder of the note." *Id.*, citing R.C. 1301.201(B)(21)(a). And the holder is entitled to enforce the note. R.C. 1303.31(A)(1).

{¶ 9}    The note here contains a blank indorsement.[1] By possessing this note, which the Bank evidently did, the Bank was the note's holder and was entitled to enforce it. *Compare PHH Mtge. Corp. v. Unknown Heirs of Cox*, 2d Dist. Montgomery No. 25617, 2013-Ohio-4614, ¶ 7, fn. 1 (concluding that the mortgage company was entitled to enforce a note that it possessed because the note contained a similar blank indorsement); *Pasqualone* at ¶ 33 (concluding that the bank in the case was entitled to enforce a note that it possessed containing a blank indorsement).

{¶ 10}    Because the Bank was entitled to enforce the note, it had an interest in the note. Therefore when the Bank filed suit against Thompson, it had standing, and the trial court had jurisdiction.

{¶ 11}    We have considered the other issues connected with this assignment of error raised in Thompson's briefs and find that they are without merit.

{¶ 12}    The first assignment of error is overruled.

### B. Summary Judgment

{¶ 13}    Thompson next contends that the trial court should not have entered summary

---

[1] The last page of the note is stamped, "PAY TO THE ORDER OF _____ Without Recourse."

judgment for the Bank because genuine issues of material fact remain. "A trial court may grant a moving party summary judgment pursuant to Civ.R. 56 if there are no genuine issues of material fact remaining to be litigated, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor." (Citation omitted.) *Smith v. Five Rivers MetroParks*, 134 Ohio App.3d 754, 760, 732 N.E.2d 422 (2d Dist.1999), citing Civ.R. 56(C). "'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.'" *West*, 2014-Ohio-735, at ¶ 16, quoting *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. The defendant's response, by affidavit or otherwise provided in Civ.R. 56, "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." *Id*.

{¶ 14} The Bank presented all of the required evidence. Attached to the complaint are the blankly indorsed note, the mortgage, and the assignment of mortgage transferring the mortgage from the original mortgagee (MERS) to the Bank. The complaint avers that all conditions precedent have been met. Attached to the summary-judgment motion are an affidavit from one of the Bank's assistant vice presidents averring that Thompson is in default and an account information statement showing the amount of principal and interest due. Thompson's

responding affidavit does not contradict the Bank's evidence.

{¶ 15} Thompson contends, for the first time on appeal, that there is no evidence that she is in default. But the affidavit supporting the motion for summary judgment plainly states otherwise: "Borrower(s) defaulted on the note by failing to make payments due for 06/01/2012, or any subsequent installments." (*Affidavit Supporting Plaintiff's Motion for Summary Judgment*, ¶ 6). That Thompson is in default is corroborated by the attached account information statement.

{¶ 16} Thompson also contends that there is no evidence that the conditions precedent have been performed. "Where a cause of action is contingent upon the satisfaction of some condition precedent, Civ.R. 9(C) requires the plaintiff to plead that the condition has been satisfied, and permits the plaintiff to aver generally that any conditions precedent to recovery have been satisfied * * *." *CitiMtge., Inc. v. Byington*, 6th Dist. Erie No. E-12-003, 2013-Ohio-3950, ¶ 12. But the rule requires that "a party denying the performance or occurrence of a condition precedent must do so specifically and with particularity." *Id*. Here, the Bank averred generally in the complaint that conditions precedent had been satisfied.[2] Thompson, in her affidavit, does not deny specifically or with particularity that this is untrue. "The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted." *Id*.

---

[2] "Plaintiff states that, with respect to the Note and Mortgage, it has satisfied all conditions precedent that are required before Plaintiff may declare a default, accelerate the balance due to Plaintiff, or commence this foreclosure action." (*Complaint for Money, Foreclosure and Other Equitable Relief*, ¶ 8).

{¶ 17} Thompson contends that the affidavit supporting the motion for summary judgment contains inadmissible hearsay. The affidavit contains the averments needed to satisfy the business records hearsay exception in Evid.R. 803(6).[3] There is no hearsay problem.

{¶ 18} Thompson also challenges MERS's authority to assign the mortgage to the Bank. Generally, "a party who receives an assignment of mortgage from MERS as nominee has standing to [seek] foreclosure on the mortgage when the borrower defaults on the loan." (Citations omitted.) *GMAC Mtge., L.L.C. v. Waller*, 8th Dist. Cuyahoga No. 99457, 2013-Ohio-4376, ¶ 10. Thompson's arguments here do not convince us otherwise.[4]

{¶ 19} Lastly, Thompson premises several contentions on two pieces of correspondence, which are attached to her appellate brief, that she received from the Bank after she filed her affidavit. Although this evidence was not before the trial court, and is not on its own summary-judgment evidence, we will briefly address these contentions.

---

[3] The affidavit states that the affiant is an officer of the Bank, has personal knowledge of the Bank's procedures for creating records about the loan to Thompson, and because of her job responsibilities is familiar with the type of records that the Bank maintains in connection with the loan. The affidavit states that its information comes from the Bank's business records and that "[t]hese records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of [the Bank]'s regularly conducted business activities; and (c) created by [the Bank] as a regular practice." (*Affidavit Supporting Plaintiff's Motion for Judgment*, ¶ 3). As to the account information statement, the affiant avers, "I have personally reviewed the attached records, and I make this affidavit from a review of those business records and from my personal knowledge of how said records are created and maintained." (*Id.*). And the affidavit states that "[t]he business records attached * * * are true and correct copies from the business records described above." (*Id.* at ¶ 5).

[4] Thompson says that the mortgage assignment states that "'(MERS) Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Countrywide Bank, FSB, * * * does hereby sell, assign, transfer, and set over unto Bank of America * * *.'" (*Brief of Defendant-Appellant Vivian L. Thompson*, 13). And Thompson says that at the time of the assignment Countrywide did not exist. She seems to argue that because Countrywide did not exist MERS could not act as its nominee to assign the mortgage. But the mortgage assignment here actually says nothing about MERS's relationship to Countrywide: "[T]he undersigned holder of a Mortgage [MERS, Inc.] * * * does hereby grant, sell, assign, transfer and convey unto BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP * * *." (*Assignment of Mortgage*).

{¶ 20} The first piece of correspondence is a March 6, 2013 notice saying that Thompson's mortgage loan had been transferred to the Bank on March 1, 2013. Thompson contends that the notice shows that the Bank could not have owned the note when it filed suit in November 2012. As we determined above, the Bank was entitled to enforce the note; it doesn't matter if it didn't own the note. Thompson also contends that because the Bank did not possess the note when the mortgage was transferred to it the assignment was a nullity. *Compare Carpenter v. Longan*, 83 U.S. 271, 274, 18 L.Ed. 313 (1872) ("The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."). But the assignment of mortgage here transferred not only the mortgage but also the note: "the undersigned holder of a Mortgage * * * does hereby grant, sell, assign, transfer and convey * * * all beneficial interest under that certain Mortgage described below *together with* the note(s) and obligations therein described and the money due and to become due thereon * * *." (Emphasis added.) (May 1, 2012 *Assignment of Mortgage*).

{¶ 21} The second piece of correspondence is a July 19, 2013 letter from the Bank that was sent in response to Thompson's request to view the original note. The letter states that, under 15 U.S.C. 1641(f)(2) of the Truth-in-Lending Act, the owner of the note for her loan is Freddie Mac and that the Bank is the loan's servicer. Thompson contends that there is no evidence of a principal-agent relationship between Freddie Mac and the Bank that would allow the Bank to enforce the note on Freddie Mac's behalf. Again, regardless of who the owner of the note was, the Bank was entitled to enforce it.

{¶ 22} Thompson fails to show a genuine issue for trial, so summary judgment is

appropriate. We have considered the other issues connected with this assignment of error raised in Thompson's briefs and find that they are without merit.

{¶ 23}   The second assignment of error is overruled.

### C. Due Process Concerns

{¶ 24}   Thompson contends, in the third assignment of error, that she did not receive due process because she did not receive reasonable notice of judicial process or a reasonable opportunity to be heard. Thompson says that she did not receive the Bank's motion to reactivate the case until the day after the court entered judgment. She contends that before the court entered judgment she was not "afforded the opportunity to object and present the new evidence receive[d] from Plaintiff through correspondence." (*Brief of Defendant-Appellant Vivian L. Thompson*, 25-26).

{¶ 25}   After the Bank filed the summary-judgment motion, the trial court entered an order saying that it would decide the motion by 1:00 p.m. on March 11, 2013. The order states that "[n]o oral hearing will be conducted unless requested by any party and approved by the Court in which event a definite date and time will be set." And, the order continues, "[a]ll memoranda and/or affidavits either in support of or in opposition to the motion must be filed with a copy delivered to the Court not later than 24 hours prior to the aforesaid date and time set for submission unless the Court, upon oral or written request, grants an extension." (Feb. 15, 2013 *Entry Setting Submission Date of March 11, 2013*).

{¶ 26}   Five days before the filing deadline, Thompson again filed her "Answer in Affidavit of Negative Averment." That same day, March 5, Thompson filed a petition for bankruptcy in bankruptcy court. Also that day, the Bank filed a "Notice of Bankruptcy Filing and

Suggestion of Stay," telling the trial court that because Thompson had filed the bankruptcy petition "Plaintiff is stayed from undertaking any further action until Plaintiff is granted a Relief from Stay." *(March 5, 2013 Notice of Bankruptcy Filing and Suggestion of Stay).* (When a debtor files a bankruptcy petition, federal bankruptcy law automatically stays judicial proceedings against the debtor. 11 U.S.C. 362(a).) The trial court took no action in response to the Bank's notice. The bankruptcy case was dismissed on August 1, 2013. Over a month later, on September 10, the Bank filed a motion asking the trial court to reactivate the foreclosure proceedings. The court entered a reactivation order the following day (though the order was unnecessary since it had never stayed the case). Five days later, on September 16, the court entered summary judgment. The court never set a new date certain for filing summary-judgment memoranda and affidavits, and neither party requested an oral hearing or an extension.

{¶ 27} Although no new date certain was set, we see no due-process violation. Thompson appears to have responded to the summary-judgment motion with her "Answer in Affidavit," as nothing else was actively pending at the time she filed it. Also, the trial court arguably did not need to give Thompson notice. The Ohio Supreme Court has held that "a trial court need not notify the parties of the date of consideration of a motion for summary judgment or the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines." *Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 33. The Court noted that "[i]n all cases, a trial court is under an obligation to allow time for a full and fair response before ruling on a motion for summary judgment, but a party opposing such a motion must be aware that any relevant local rules of court that set cutoff dates for the filing of a response * * * cannot be ignored." *Id.* at ¶ 40.

Here, a local rule of the Montgomery County Common Pleas Court provides that summary-judgment-motion responses must be filed "within fourteen (14) days after the motion is filed" and provides that the motion will be decided (at a non-oral hearing) "twenty-four (24) days after the filing of the motion." Mont.Co.C.P.R. 2.01(V)(A)(3)(b)(4)(a). The dismissal of Thompson's bankruptcy case automatically terminated the bankruptcy stay. *See* 11 U.S.C. 362(c)(2)(B); *Callison v. DuPuy*, 2d Dist. Miami No. 2002 CA 52, 2003-Ohio-3032, ¶ 18. And it was a month and a half after the dismissal that the trial court entered summary judgment. Even if the local-rule response and decision dates are calculated from the date that the bankruptcy stay was terminated, Thompson had more time than allowed by the rule to file a response or to ask the trial court for an extension of time to respond. Moreover, the deadline for responses established in the trial court's February 15, 2013 order had long passed. Thompson had a reasonable time after the bankruptcy dismissal to file any additional response. Finally, it appears that the "new evidence" she refers to is likely the March 6, 2013 notice from the Bank that her mortgage loan had been transferred to it, and the July 19, 2013 letter from the Bank responding to her request to view the original note. As we said above, neither piece of correspondence would create an issue of fact that would preclude summary judgment.

{¶ 28} We have considered the other issues connected with this assignment of error raised in Thompson's briefs and find that they are without merit.

{¶ 29} The third assignment of error is overruled.

### D. The Identity of the Person Entitled to Enforce the Note

{¶ 30} Thompson alleges, in the fourth assignment of error, that in its complaint the

Bank violated Civ.R. 8(E)(1), which pertinently provides that "[e]ach averment of a pleading shall be simple, concise, and direct," and violated due process, by failing to state who it was that was really suing her. Thompson contends that the Bank should have stated that it is bringing suit as a representative of the note's owner, that it is the loan servicer who has been given temporary possession of the note in order to file a complaint in its own name on behalf of the note's owner, and that it was a person entitled to enforce the note. But the Bank did not bring suit on behalf another; it brought suit as the holder of the note. This is clearly stated in the complaint.[5]

**{¶ 31}** The fourth assignment of error is overruled.

**{¶ 32}** The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., concurring:

**{¶ 33}** An intermediate appellate court is an error-correcting court and, therefore, with rare exceptions, must rule based on the record in the trial court. "Significantly, appellate courts consider assignments of error, while [the Supreme Court] considers propositions of law. The two are materially and substantively different." *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, 992 N.E.2d 1095,¶ 63 (O'Donnell, J., dissenting). And with this record, I concur with the affirmance.

**{¶ 34}** This is not to hold that, for example, MERS's involvement, let alone its being named as both the nominee and mortgagee, could not create legal issues in another case. See,

---

[5]Paragraph one of the complaint states: "Now comes the Plaintiff, by and through Counsel, and states that Foreclosing party or creditor ('Noteholder'), directly or through an agent, has possession of the promissory note (the 'Note'). The promissory note is either made payable to the Foreclosing Party or has been duly indorsed." And paragraph five states: "Plaintiff states that the Mortgage was assigned to Plaintiff * * *."

e.g., Peterson, Losing Our Homes, Losing Our Way, or Both? Foreclosure, County Property Records, and the Mortgage Electronic Registration System, 40 Cap. U. L. Rev. 821 (Fall 2012).

. . . . . . . . . . . .

DONOVAN, J., concurs in judgment only.

Copies mailed to:

Gregory H. Melick
Vivian L. Thompson
Kenneth Thompson
Mathias H. Heck
Douglas Trout
Hon. Mary K. Huffman