[Cite as *Tax Ease Ohio, L.L.C. v. Keeton*, 2021-Ohio-1815.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TAX EASE OHIO, L.L.C.,                    :

    Plaintiff-Appellee,              :

                         No. 109862

    v.                                      :

ADRIAN KEETON, ET AL.,                   :

    Defendants-Appellants.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** May 27, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-924163

---

### *Appearances:*

Sandhu Law Group, L.L.C., David T. Brady, Suzanne M. Godenswager, Austin B. Barnes, III, Mark M. Schonhut, and Jeffrey A. Panehal, *for appellee.*

Adrian Keeton, *pro se.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Adrian Keeton ("Keeton"), appeals from the trial court's decision adopting the magistrate's decision and ordering foreclosure on Keeton's property. For the reasons that follow, we reverse and remand.

{¶ 2} In 2019, plaintiff-appellee, Tax Ease Ohio, L.L.C. ("Tax Ease"), filed this tax certificate foreclosure action against (1) Keeton, (2) the spouse, if any, of Adrian Keeton, (3) Warren A. Miccio, and (4) the Cuyahoga County treasurer.

{¶ 3} The Cuyahoga County treasurer answered the complaint, admitting that it has an interest in the property, and the treasurer is due taxes on the property. Keeton also timely answered the complaint, denying the allegations, asserting that he did not owe the amount alleged, and setting forth various affirmative defenses.

{¶ 4} On January 29, 2020, Tax Ease moved for default judgment against the nonanswering parties, contending that those defendants failed to answer or otherwise respond. It also filed a motion to tax attorney fees as costs. Further, Tax Ease moved for summary judgment against Keeton, contending that (1) it is the certificate holder of the tax certificates; (2) it is vested in the first lien pursuant to R.C. 5721.35(A); (3) the Certificate Redemption Price for the tax certificate is due and unpaid; (4) a Notice of Intent to Foreclose was filed; (5) the property has not been redeemed; (6) it has not received any payment for principal or interest on the delinquent tax assessment, penalty, or interest; and (7) it complied with all the statutory requirements of R.C. Chapter 5721, thereby entitling it to judgment and foreclosure as a matter of law.

{¶ 5} On February 28, 2020, Keeton responded to the motion for summary judgment, contending that he had entered into an installment plan contract with Tax Ease and that he complied with the terms and conditions of the contract. He supported his motion with his sworn affidavit, incorporating the attached

documentary evidence, and averring that he had made the payments pursuant to an installment contract. Keeton attached a copy of the 2017 Installment Plan Contract entered into with Tax Ease, and copies of financial records depicting debited transactions in the amount of $377, with at least two transactions revealing that the payment was made to "Tax Ease Funding Cons Coll."

{¶ 6} Tax Ease's motions for default judgment and attorney fees were scheduled for a hearing before a magistrate. On March 3, 2020, the magistrate conducted a hearing, at which Keeton appeared, even though he had timely filed an answer to the complaint. In a judgment entry dated March 4, 2020, the magistrate granted default judgment in favor of Tax Ease and against the nonanswering parties. The magistrate also granted the motion to tax attorney fees as costs.

{¶ 7} Also, on March 4, 2020, the magistrate entered an order granting Tax Ease's motion for summary judgment, finding that "[b]ased on the evidence, there is no genuine issue as to any material fact and reasonable minds can come to but one conclusion that plaintiff is entitled to judgment. * * * The magistrate will issue a magistrate's decision[,] making specific findings as to the rights and liabilities of the parties."

{¶ 8} On March 13, 2020, the magistrate filed her decision with findings of fact and conclusions of law concluding, in relevant part, that "reasonable minds can come to but one conclusion, which conclusion is adverse to [Keeton], that there exists no genuine issue of material fact[,] and that [Tax Ease] is entitled to a judgment in its favor as a matter of law. Therefore, [Tax Ease's] motion for summary

judgment is granted."[1] The decision did not address or even reference the evidence attached to Keeton's brief in opposition. The decision also made no findings or conclusions as to why the installment contract and payments made thereunder, when viewed in a light most favorable to Keeton, were insufficient to establish a genuine issue of material fact.

{¶ 9} On April 6, 2020, Keeton filed a "motion for leave to expand the time to object to the magistrate's decision for summary judgment." In the motion, he submitted his objections, instanter, which challenged whether the magistrate properly (1) granted default against another defendant, and (2) applied the American Rule for the recovery of attorney fees. Additionally, Keeton objected to the decision granting summary judgment against him, contending that the magistrate misapplied the summary judgment standard because she did not consider Keeton's sworn affidavit, the installment-plan contract, and the financial records from Keeton's bank evidencing that the debt was paid in full. Moreover, he contended that Tax Ease did not present any evidence refuting the same.

{¶ 10} The record reflects that Tax Ease did not file any opposition to either Keeton's motion for leave or the objections to the magistrate's decision.

{¶ 11} On June 30, 2020, the trial court entered a judgment entry adopting the magistrate's decision after "consideration of the decision of the Magistrate, the evidence admitted at the hearing, and the motions and pleadings in the Court file."

---

[1] The Magistrate also set forth findings of fact and conclusions of law relating to Tax Ease's motions for default judgment and attorney fees.

Specific to Keeton, the trial court stated: "Summary judgment is granted in favor of the Plaintiff against the following Defendant: **Adrian Keeton**." (Emphasis sic.) The trial court did not address or reference Keeton's motion for leave or objections filed therein.

{¶ 12} On July 8, 2020, the trial court denied Keeton's motion for leave to expand time to object to the magistrate's decision, instanter. The court determined that Keeton's objections were filed 21 days after the magistrate's decision, and were thus untimely pursuant to Civ.R. 53(D)(3).

{¶ 13} Keeton now appeals, raising as his sole assignment of error:

The trial court erred in granting [Tax Ease's] motion for summary judgment without first considering [Keeton's] evidence pointed to in the record as the non-moving party and without considering [Keeton's] Civil Rule 56 evidence whatsoever.

{¶ 14} Tax Ease contends that Keeton has waived all but plain error because he failed to timely file objections to the magistrate's decision and file a transcript of the default hearing conducted on March 3, 2o2O.

{¶ 15} Before addressing the merits of the appeal, this court must consider the administrative orders issued by the Ohio Supreme Court and the Cuyahoga County Court of Common Pleas in response to the COVID-19 pandemic. Specifically, we must determine if these orders affected the filing deadlines relied on by Tax Ease on appeal, and by the trial court in both adopting the magistrate's decision and denying Keeton's motion for leave to expand time to object to the magistrate's decision.

{¶ 16} On March 9, 2020, Ohio Governor Mike DeWine issued an executive order and declared a state of emergency in Ohio in response to COVID-19. On March 16, 2020, the Cuyahoga County Common Pleas Court issued an "Order Declaring a Judicial Emergency and Continuity of Operations of the Court due to COVID-19 Pandemic." As part of this order, the court issued a stay of "all foreclosure cases" for a period of 60 days. *See* March 16, 2002 order, paragraph 12.

{¶ 17} On March 27, 2020, Governor DeWine signed into law Am.Sub.H.B. No. 197, which immediately tolled all statutes of limitation, time limitations, and deadlines in the Ohio Revised Code and the Ohio Administrative Code until the expiration of Executive Order 2020-01D or July 30, 2020, whichever was sooner. *In re Tolling of Time Requirements Imposed by Rules Promulgated by Supreme Court & Use of Technology*, 158 Ohio St.3d 1447, 2020-Ohio-1166, 141 N.E.3d 974. The Ohio Supreme Court determined that this tolling order applied to all Ohio Rules of Court and time requirements, including filing deadlines within the applicable period. *Id.* at paragraphs A-D. The tolling order did not apply, however, to court-ordered deadlines or specific orders issued in specific cases after March 9, 2020. *Id.* at paragraph G; *see also O'Keeffe v. McClain*, 158 Ohio St.3d 1478, 2020-Ohio-1533, 143 N.E.3d 513.

{¶ 18} On March 31, 2020, the Cuyahoga County Common Pleas Court issued an "Order Regarding Continuity of Operations at a Reduced Docket of the Court due to COVID-19 Pandemic." In this order, the court acknowledged and implemented the Ohio Supreme Court's March 27, 2020 Tolling of Time

Requirements. The common pleas court issued a subsequent order on April 28, 2020, that all prior orders remain in effect.

{¶ 19} On May 15, 2020, the general 60-day stay of all foreclosure cases terminated. Accordingly, on May 26, 2020, the common pleas court issued a specific order regarding foreclosures — "Order Regarding Foreclosure Cases due to the COVID-19 Pandemic" ("Foreclosure Order"). The court issued the following order regarding the previously imposed and implemented tolling provisions:

> 2. The tolling provisions of the Ohio Supreme Court's March 27, 2020, Administrative Action are henceforth inapplicable to foreclosure cases. The time guidelines in the civil rules and the local rules will now govern the time requirements.
>
> > a. Unless otherwise ordered, if a response to a motion was due prior to March 9, 2020, there will be no additional time for a response. All motions filed after March 9, 2020, or for which the response time expired after March 9, 2020, will be treated as if they were filed on May 18, 2020, and the Civil Rules or Local Rules will govern response time from that date.
> >
> > b. These rules also apply to pleadings or any other action requiring a response.

{¶ 20} In this case, the magistrate filed a journal entry on March 4, 2020, granting Tax Ease's motion for summary judgment. However, it did not issue its decision with its findings of fact and conclusions of law until March 13, 2020 — after the March 9, 2020 threshold. Pursuant to the Foreclosure Order, the magistrate's decision with findings of fact and conclusions of law was to be treated as if it was filed on May 18, 2020. Accordingly, pursuant to Civ.R. 53(D)(3)(b), Keeton had 14 days, or until June 1, 2020, to file his objections to the magistrate's decision. According to the record, Keeton filed his "motion for leave to expand time to object

to magistrate's decision in instanter" on April 6, 2020, well before the June 1, 2020 deadline. Moreover, Keeton attached to his motion, his objections to the magistrate's decision, i.e., filed instanter.

{¶ 21} We can assume that the trial court did not consider Keeton's objections because on July 8, 2020, which was after the adoption of the magistrate's decision, the trial court denied Keeton's request for leave to expand on the basis that the objections were untimely. Specifically, the trial court stated:

> A party may object to a magistrate's decision within fourteen days of the filing date. Civil Rule 53(D)(3). The magistrate's decision was filed on 03/13/2020. Twenty-one days after the filing of the magistrate's decision, the defendant seeks leave to file objections. The court finds that defendant failed to comply with Civil Rule 53(D)(3). In the absence of any governmental stay or moratorium, the court will consider the magistrate's decision dated 03/13/2020 for adoption.

{¶ 22} The trial court's reasoning was in error. As discussed above, Keeton's objections were timely filed, and the trial court should have considered them prior to its review of the magistrate's decision. Pursuant to Civ.R. 53(D)(4)(d), "[i]f one or more objections to a magistrate's decision are timely filed, the court *shall* rule on those objections" by undertaking "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." (Emphasis added.)[2] By ruling on the objections, the trial court "provides both parties and a reviewing court the benefit of the trial court's

---

[2] Typically, when a trial court fails to rule on timely objections, the trial court's judgment does not constitute a final, appealable order because it does not fully determine the action. *See, e.g., Peric v. Buccilli*, 8th Dist. Cuyahoga No. 80805, 2002-Ohio-6234, ¶ 8. Here, the error lies in the court's finding that the objections were untimely.

rationale for resolving the objections." *In re Guardianship of A.V.*, 10th Dist. Franklin No. 12AP-300, 2012-Ohio-6162, ¶ 9.

{¶ 23} In this case, Keeton's objections were timely filed based on the tolling and administrative orders issued by the Ohio Supreme Court and the Cuyahoga County Common Pleas Court. The trial court's refusal to consider the objections and the evidence contained therein on the basis of untimeliness, was in error. Keeton's assignment of error is sustained.

{¶ 24} Judgment reversed; case remanded to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR